IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV149-1-MU

JONATHAN WAYNE FUNDERBURKE,　)
　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)　　　**O R D E R**
　　　　　　　　　　　　　　　　)
JOSEPH B. HALL,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　　)
_____)

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), filed July 21, 2010.

A review of the subject federal habeas petition reflects that on or about July 14, 2006,[1] Petitioner entered a guilty plea to Second Degree Murder in the Superior Court of Cleveland County. That same day, the Honorable Forrest Bridges sentenced Petitioner to not less than 176 months nor more than 220 months. Petitioner did not directly appeal his sentence and conviction. Rather, on or about April 30, 2009, Petitioner filed a Motion for Appropriate Relief (MAR) in the Cleveland County Superior Court. On January 27, 2010, after an evidentiary hearing, Petitioner's MAR was denied. On April 23, 2010, Petitioner filed a writ of certiorari with the North Carolina Court of

---

[1] The Court notes that many of the dates provided by Petitioner in his federal habeas form differ slightly from the dates of events set forth in the state court documents attached to the Petition. This Court has used the dates from the state court documents but the analysis is the same with either set of dates. That is, even if Petitioner's dates were used his habeas petition would still appear to be untimely.

Appeals, which was denied on May 10, 2010. On July 15, 2010,[2] Petitioner filed the instant federal habeas petition.

On April 23, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2254 by imposing a 1-year statute of limitations period for the filing of a federal habeas petition. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, the record indicates that Petitioner's conviction became final in July 2006. As a result, Petitioner's limitation period under AEDPA expired in July 2007. While state post-conviction proceedings can operate to toll a petitioner's limitation period, 28 U.S.C. § 2244(d)(2), Petitioner's limitation period expired long before he invoked that process with his 2009 Motion for Appropriate

---

[2] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Petition for Writ of Habeas Corpus, his Petition would be deemed filed, on the date he delivered it to prison officials for forwarding to the district court. Petitioner dated his federal habeas petition July 15, 2010. The Court will use this date as Petitioner's filing date for his federal habeas petition.

Relief. It thus appears that Petitioner's federal habeas petition is untimely.

However, in January 2002, the United States Court of Appeals for the Fourth Circuit decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). In <u>Hill</u> the Court held that "when a federal habeas court, prior to trial, perceives a <u>pro se</u> § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation . . . ." Accordingly, this Court now shall give the Petitioner <u>20 days</u> in which to file a document explaining why his federal habeas petition should be deemed timely filed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED:**

1. That **within twenty (20) days of the date of this Order**, Petitioner shall file a document, explaining why he believes his federal habeas petition should be deemed timely filed; and

2. That the Clerk shall send copies of this Order to Petitioner and to the Attorney General of North Carolina.

Signed: July 23, 2010

Graham C. Mullen
United States District Judge