IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV149-1-MU

JONATHAN WAYNE FUNDERBURKE,     )
                                )
        Petitioner,              )
                                )
    v.                           )        **O R D E R**
                                )
JOSEPH B. HALL,                  )
                                )
                                )
        Respondent.              )
_____)

**THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), filed July 21, 2010.

A review of the subject federal habeas petition reflects that on or about July 14, 2006,[1] Petitioner entered a guilty plea to Second Degree Murder in the Superior Court of Cleveland County. That same day, the Honorable Forrest Bridges sentenced Petitioner to not less than 176 months nor more than 220 months. Petitioner did not directly appeal his sentence and conviction. Rather, on or about April 30, 2009, Petitioner filed a Motion for Appropriate Relief (MAR) in the Cleveland County Superior Court. On January 27, 2010, after an evidentiary hearing, Petitioner's MAR was denied. On April 23, 2010, Petitioner filed a writ of certiorari with the North Carolina Court of

---

[1] The Court notes that many of the dates provided by Petitioner in his federal habeas form differ slightly from the dates of events set forth in the state court documents attached to the Petition. This Court has used the dates from the state court documents but the analysis is the same with either set of dates. That is, even if Petitioner's dates were used his habeas petition would still appear to be untimely.

Appeals, which was denied on May 10, 2010. On July 15, 2010,[2] Petitioner filed the instant federal habeas petition. After conducting an initial review of Petitioner's federal habeas petition, the Court concluded that it appeared that Petitioner's federal habeas petition was untimely. Therefore, the Court issued a Hill[3] notice ordering Petitioner to set forth why his federal habeas petition should be deemed timely filed.

In his response to the Hill notice, Petitioner asserts that his federal habeas petition should be considered timely filed because counsel never told him about AEDPA's one year limitation period and he had no knowledge of such law.

"[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id.

---

[2] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Petition for Writ of Habeas Corpus, his Petition would be deemed filed, on the date he delivered it to prison officials for forwarding to the district court. Petitioner dated his federal habeas petition July 15, 2010. The Court will use this date as Petitioner's filing date for his federal habeas petition.

[3] Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

Petitioner's contention that his limitation period should be tolled because he was unaware of AEDPA's limitation period does not support a finding that his limitation period should be tolled. Allegations of illiteracy and ignorance of the law are not sufficient to establish that AEDPA's limitation period should be tolled. United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir.2000) ( pro se status does not establish sufficient ground for equitable tolling); Felder v. Johnson, 204 F.3d 168, 171-173 (5th Cir.2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling). Consequently, Petitioner has not established that his limitation period should be equitably tolled.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED:**

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254 (Doc. No. 1) is **DISMISSED** as untimely; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Signed: August 11, 2010

Graham C. Mullen
United States District Judge